UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UMG RECORDINGS, INC., BMG MUSIC, and
SONY BMG MUSIC ENTERTAINMENT,

    Plaintiffs,

    v.

MATTIE ADAMS,

    Defendant.

Case No. 08-cv-534-JPG

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Default Judgment and Permanent Injunction brought by Plaintiffs UMG Recordings, Inc., BMG Music and Sony BMG Music Entertainment against Defendant Mattie Adams (Doc. 11). For the following reasons the motion will be granted and the Clerk of Court will be directed to enter judgment as follows: (1) Plaintiffs are awarded statutory damages under 17 U.S.C. § 504(c)(1) in the total amount of $6,000; (2) Plaintiffs are awarded $420 in costs under 17 U.S.C. § 505; and (3) Plaintiffs are awarded permanent injunctive relief under 17 U.S.C. §§ 502 and 503.

**I. BACKGROUND**

Plaintiffs filed this action against Defendant on July 29, 2008, seeking damages and injunctive relief for willful copyright infringement under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.* Plaintiffs allege they are the holders of copyrights or licenses in the following sound recordings: (1) "You" on album "Moodring," by artist "Mya" (SR# 338-694); (2) "Patiently Waiting" on album "Get Rich Or Die Tryin'," by artist "50 Cent" (SR# 337-801); (3) "6 Minutes" on album "I'm A Hustla," by artist "Cassidy" (SR# 377-767); (4) "Goodbye" on album "Jagged Little Thrill," by artist "Jagged Edge" (SR# 302-328); (5) "U Make Me Wanna"

on album "Kiss of Death," by artist "Jadakiss" (SR# 356-267); (6) "I Need Love" on album "Bigger And Deffer," by artist "LL Cool J" (SR# 83-510); (7) "Nothing In This World" on album "Soul Sista," by artist "Keke Wyatt" (SR# 303-159); and (8) "Hypothetically" on album "Lyfe 268-192," by artist "Lyfe Jennings" (SR# 363-168) (hereinafter, "the Copyrighted Recordings"). *See* Complaint ("Compl.") ¶ 9 & Ex. A.

Plaintiffs allege that Defendant, without their permission and consent, has used, and continued to use, a P2P [peer-to-peer] network to download and/or distribute to the public the Copyrighted Recordings." Compl. ¶ 13. Plaintiffs allege that Defendant has infringed their exclusive rights of reproduction and distribution of the Copyrighted Recordings, in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.,* and that Defendant's "acts of infringement have been willful and intentional, in disregard of and with indifference" to Plaintiffs' rights in the Copyrighted Recordings. *Id.* at ¶ 16. In their complaint Plaintiffs seek: (1) statutory damages pursuant to 17 U.S.C. § 504(c); (2) costs pursuant to 17 U.S.C. § 505; and (3) injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendant from further infringing Plaintiffs' rights in the Copyrighted Recordings and ordering Defendant to destroy all copies of the Copyrighted Recordings. *See id.* at ¶¶ 17-18.

Although Defendant was properly served with Plaintiffs' complaint on August 26, 2008, she did not file an answer or otherwise respond to the complaint. On September 24, 2008, Plaintiffs filed a motion for entry of default (Doc. 9), whereupon a default was entered by the Clerk of Court on the same day (Doc. 10). Plaintiffs now have moved for entry of a default judgment against Defendant (Doc. 11), requesting an award of statutory damages under 17 U.S.C. § 504(c)(1) in the total amount of $6,000, an award of costs under 17 U.S.C. § 505 in the total amount of $420, and permanent injunctive relief under 17 U.S.C. §§ 502 and 503. Having

reviewed carefully Plaintiffs' submissions in support of their request for entry of a default judgment in this case, the Court now is prepared to rule.

## II. DISCUSSION

### A. Procedure for Obtaining Default Judgment

Obtaining a default judgment entails two steps. First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *See* Fed. R. Civ. P. 55; *Conn-Selmer, Inc. v. Apex Indus., Inc.*, No. 04C0245, 2006 WL 752895, at *1 (E.D. Wis. Mar. 20, 2006). *Cf. Keesh Constr., Inc. v. United States*, No. 1:02-CV-899, 2004 WL 2536840, at *1 n. 1 (S.D. Ohio Sept. 28, 2004). Rule 55 of the Federal Rules of Civil Procedure provides that the clerk may enter a judgment by default when the plaintiff's claim is for a sum certain or for a sum which can be computed with certainty and the defendant has been defaulted for failure to appear and is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(1); *Palladino v. General Crushed Stone Co.*, No. 96-CV-1355, 1997 WL 67792, at *1 (N.D.N.Y. Feb. 13, 1997). In all other cases, the party seeking a judgment by default must apply to the presiding district judge for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

In this instance, Plaintiffs request entry of a judgment of default by the Court pursuant to Rule 55(b)(2), which provides,

> [T]he party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice

of the application at least 3 days before the hearing. The court may conduct
hearings or make referrals – preserving any federal statutory right to a jury trial –
when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

Thus, to procure a default judgment under Rule 55(b)(2), a party must establish the following: (1) when and against what party the default was entered; (2) identification of the pleading as to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). *See Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

    In this case, all of the requirements for entry of a default judgment under Rule 55(b)(2) are satisfied. The record discloses that, as discussed, a default was entered against Defendant on September 24, 2008. Plaintiffs' memorandum in support of their request for entry of a default judgment refers to the pleading as to which default was entered (Doc. 2). Both the memorandum and the uncontroverted affidavit of Kristin S. Yoo, one of Plaintiffs' attorneys, state that Plaintiffs have no reason to believe Defendant is either an infant or incompetent and that, after searching public military databases, Plaintiffs have discovered no evidence that Defendant is serving in the military (Doc. 12 at ¶ 4; *id.,* Ex. B at ¶ 5). Because Defendant has never entered an appearance in this action, the notice requirement of Rule 55(b)(2) does not apply. Therefore, the Court concludes that Plaintiffs have fully complied with the procedure for obtaining a

judgment of default in this case. *See Disney Enters. v. Farmer*, 427 F. Supp.2d 807, 815 & n. 5 (E.D. Tenn. 2006) (finding on similar evidence that the procedural requirements for entry of a default judgment under Rule 55(b)(2) were satisfied). *Cf. Elektra Entm't Group, Inc. v. Bryant*, No. CV 03- 6381GAF(JTLX), 2004 WL 783123, at *3 (C.D. Cal. Feb. 13, 2004).

### B. Entry of Default Judgment

#### 1. Liability for Infringement

As an initial matter the Court must determine whether Plaintiffs have established a prima facie case as to liability for copyright infringement. "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.' . . . Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). *See also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (noting that although upon the entry of default, the well-pleaded allegations of a complaint relating to liability are taken as true, allegations regarding the amount of damages must be proven because "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true."); *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) ("Although upon default, the well-pleaded allegations of a complaint relating to liability are taken as true, allegations in a complaint relating to the amount of damages suffered ordinarily are not.").

"Plaintiffs must satisfy two requirements to present a prima facie case of direct [copyright] infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted

5

to copyright holders under 17 U.S.C. § 106." *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Users of online music distribution systems are "direct infringers." *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-930 (2005). "If the music is copyrighted, [computer file] swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers . . . are the direct infringers." *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003). In particular, such users violate copyright holders' reproduction and distribution rights. *See A & M Records, Inc.*, 239 F.3d at 1014.

In this instance Plaintiffs' complaint states that they each are the owners or licensees of the copyrights of the five Copyrighted Recordings, *see* Compl. ¶ 9, and that they possess the "exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public." *Id.* at ¶ 10. They further allege that Defendant, "without the permission or consent of Plaintiffs, had used, and continued to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings." *Id.* at ¶ 13. Based on these allegations, Plaintiffs have sufficiently shown ownership of the infringed material, as well as actual infringement by Defendant through downloading and reproducing and/or distributing the Copyrighted Recordings. Accordingly, the Court concludes that Plaintiffs have established a prima facie case of liability for copyright infringement. Therefore, the Court turns to the question of the remedies to which Plaintiffs are entitled for the infringement.

  **2. Remedies for Infringement**

    **a. Statutory Damages**

Under the Copyright Act of 1976, a plaintiff whose copyright has been infringed may elect to recover either the actual damages suffered and any profits made by the infringers or,

instead of actual damages, the plaintiff may elect to receive statutory damages under 17 U.S.C. § 504(c). *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (citing 17 U.S.C. § 504(c)(1)); *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1114 (2d Cir. 1986) (citing 17 U.S.C. §§ 504(b), 504(c)(1)). Title 17 of the United States Code provides, in relevant part:

> (c) Statutory Damages. -
>
>> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
>> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000 ...

17 U.S.C. § 504(c).

In this case, Plaintiffs have elected to seek statutory damages against Defendant in the total principal amount of $6,000, or $750 per infringement of each of the eight Copyrighted Recordings pursuant to 17 U.S.C. § 504. Statutory damages are to be awarded for infringement of "any one" copyrighted "work." 17 U.S.C. § 504(c)(1). Therefore it is appropriate in this case to award separate statutory damages for infringement for each of the eight Copyrighted Recordings listed in the complaint. *See WB Music Corp. v. RTV Commc'n Group, Inc.*, 445 F.3d 538, 540-41 (2d Cir. 2006) (holding that the plaintiffs should be granted thirteen statutory damage awards against a defendant who unlawfully sold compilation compact discs containing

7

thirteen different copyrighted songs, because "[e]ach of the plaintiffs' separate copyrighted works constitutes one work for purposes of § 504(c)(1)."). By her default, Defendant has admitted that she downloaded and distributed eight of Plaintiffs' copyrighted sound recordings without authorization. The Court concludes that an award of statutory damages does not require an evidentiary hearing in this case. *See Virgin Records Am., Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006) (citing *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63 (1st Cir. 2002)) ("Because Plaintiffs seek only the minimum statutory damages [for copyright infringement] and these damages are clearly ascertainable from the complaint, no evidentiary hearing is necessary."). Plaintiffs are awarded $750 per infringement, for a total statutory damages award of $6,000.

### b. Permanent Injunction

Plaintiffs also seek a permanent injunction against Defendant pursuant to 17 U.S.C. §§ 502 and 503. Specifically, Plaintiffs' complaint requests the following injunctive relief against Defendant:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Compl., Prayer for Relief at 1.

Title 17 of the United States Code states in pertinent part that "[a]ny court . . . may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Title 17 provides also for the destruction of copies made in violation of a copyright. *See* 17 U.S.C. § 503(b). Although "the issuance of an injunction is in the discretion of the court, courts have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists." *Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1092 (S.D. Ohio 2003). In *Sailor Music v. IML Corp.*, 867 F. Supp. 565 (E.D. Mich.1994), the court observed that permanent injunctions typically are granted in cases involving infringement of copyrights in sound recordings "because of the strong probability that unlawful performances of other copyrighted material will occur." *Id.* at 569. Given "the public interest . . . in upholding copyright protections," injunctions regularly are issued pursuant to 17 U.S.C. § 502. *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (quoting *Autoskill, Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993)). Moreover, "[c]ourts also regularly issue injunctions as part of default judgments." *Id.* (citing *Sony Music Entm't, Inc. v. Global Arts Prods.*, 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999)) (granting a permanent injunction as part of a default judgment in a copyright infringement case).

As discussed, Plaintiffs have established Defendant's liability for infringement of their copyrights in the eight Copyrighted Recordings. Just as Defendant never answered or otherwise appeared in response to Plaintiffs' complaint, so despite notice of Plaintiffs' request for a default judgment Defendant has never made any attempt to defend the charges of infringement leveled at her. The Court concludes that Plaintiffs have shown a strong likelihood of future unauthorized downloads which infringe their copyrights. Under the circumstances of this case,

failure to grant the permanent injunction sought by Plaintiffs would expose them to further infringement of their copyrights by Defendant without any recourse. Therefore, the requested permanent injunction under 17 U.S.C. §§ 502 and 503 will be granted. *See Virgin Records*, 441 F. Supp. 2d at 966-67 (granting a default judgment and a permanent injunction identical in scope to the injunction requested in this case where the record established ten instances of infringement and "[m]oreover, there is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendant would stop from doing so.").

### c. Costs

Finally, Plaintiffs request costs in the amount of $420. Title 17 of the United States Code provides that "the court in its discretion may allow the recovery of full costs by or against any party" who prevails in a copyright suit. 17 U.S.C. § 505. "Traditionally, 'although not required to do so, courts routinely award costs to the prevailing party in copyright cases.'" *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 365 (S.D.N.Y. 2003) (quoting *National Football League v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458, 484 (S.D.N.Y. 2001)) (collecting cases). Attorney Kristin S. Yoo states in her affidavit that Plaintiffs have incurred costs in the amount of $420 in prosecuting this suit (Doc. 12, Ex. B ¶ 6). The Court concludes that the requested $420 in costs is reasonable and should be awarded. *See Wow & Flutter Music, Hideout Records & Distribs., Inc. v. Len's Tom Jones Tavern*, 606 F. Supp. 554, 557-58 (W.D.N.Y. 1985) (awarding the prevailing plaintiff in a suit for copyright infringement $76.80 to cover the filing fee and fee for service).

## III. CONCLUSION

The Court **GRANTS** the Motion for Default Judgment and Permanent Injunction brought by Plaintiffs UMG Recordings, Inc., BMG Music and Sony BMG Music Entertainment (Doc.

11) and **ORDERS** that Plaintiffs are awarded statutory damages under 17 U.S.C. § 504(c)(1) in the total amount of $6,000, with interest to accrue on that amount as prescribed under 28 U.S.C. § 1961, and that Plaintiffs are awarded $420 in costs under 17 U.S.C. § 505.

Pursuant to 17 U.S.C. §§ 502 and 503, it is **FURTHER ORDERED** that Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings: (1) "You" on album "Moodring," by artist "Mya" (SR# 338-694); (2) "Patiently Waiting" on album "Get Rich Or Die Tryin'," by artist "50 Cent" (SR# 337-801); (3) "6 Minutes" on album "I'm A Hustla," by artist "Cassidy" (SR# 377-767); (4) "Goodbye" on album "Jagged Little Thrill," by artist "Jagged Edge" (SR# 302-328); (5) "U Make Me Wanna" on album "Kiss of Death," by artist "Jadakiss" (SR# 356-267); (6) "I Need Love" on album "Bigger And Deffer," by artist "LL Cool J" (SR# 83-510); (7) "Nothing In This World" on album "Soul Sista," by artist "Keke Wyatt" (SR# 303-159); and (8) "Hypothetically" on album "Lyfe 268-192," by artist "Lyfe Jennings" (SR# 363-168); and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: October 3, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**